IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                     Case No. 06-10055-JTM

JAMES E. BAKER,

    Defendant.

## MEMORANDUM AND ORDER

This matter comes before the court on the defendant's Motions to Dismiss (Dkt. Nos. 18, 19, and 20). In his first motion to dismiss, defendant argues through counsel that the elements of 18 U.S.C. § 922(g) have not been satisfied because defendant's civil rights were restored and that the felon in possession statute violates the Commerce Clause of the United States Constitution. In a second motion to dismiss, defendant argues through counsel that his right to a speedy trial pursuant to 18 U.S.C. § 3161(c)(1) was violated. In a separate pro se motion to dismiss, defendant essentially repeats the arguments his counsel raised in the first motion to dismiss. In response, the government rejects defendant's challenges to the applicability and constitutionality of the felon in possession statute. However, the government concedes that the speedy trial statute has been violated but requests that this case be dismissed without prejudice. After reviewing the parties' arguments, the court denies defendant's motion to dismiss based on challenges to the felon in possession statute but grants dismissal based on the violation of defendant's right to a speedy trial.

**I. BACKGROUND**

On December 14, 2005, the government originally filed a one-count indictment charging defendant James E. Baker with being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). The court set the trial for March 14, 2006. On the eve of trial, the government found that the indictment had an error in the alleged date of the offense. The indictment alleged the crime occurred on November 11, 2005, rather than November 2, 2005. The government telephoned defense counsel and asked if the defendant would stipulate to a change in the indictment or by way of information since there was no Grand Jury meeting until March 22, 2006. Defendant, through counsel, declined such an arrangement. The United States then filed a motion with this court to dismiss the action without prejudice so that the indictment could be corrected. On March 31, 2006, a Grand Jury sitting in Kansas City, Kansas, returned an indictment on the same charge.

To calculate the exclusions under the Speedy Trial Act, the relevant dates are as follows:

| | |
|---|---|
| December 14, 2005 | Original indictment filed. |
| January 6, 2006 | Defendant appeared before the magistrate and ordered detained. |
| January 11, 2006 | Defendant arraigned on original indictment. |
| February 11, 2006 | Deadline for defendant to file motions. |
| March 10, 2006 | Defendant files motion to dismiss. |
| March 13, 2006 | Government files motion to dismiss without prejudice. |
| March 14, 2006 | District Court grants government's motion to dismiss without prejudice. |

| | |
|---|---|
| March 14, 2006 | Government files new complaint on same charge as contained in original indictment. |
| March 28, 2006 | Defendant files a pro se motion to suppress. |
| March 31, 2006 | Defendant is indicted on new indictment on same charge. |
| April 4, 2006 | Defendant files a pro se motion to dismiss. |
| April 5, 2006 | Defendant files a motion to withdraw his motion to suppress and motion to dismiss. |
| April 5, 2006 | Defendant arraigned on second case. |
| April 25, 2006 | Trial court grants defendant's motion to withdraw. |
| May 5, 2006 | Deadline for defendant to file motions. |
| May 15-16, 2006 | Defendant files two separate motions to dismiss. |
| May 16, 2006 | Defendant files a pro se motion to dismiss. |

## II. FELON IN POSSESSION STATUTE

In two separate motions to dismiss, defendant disputes the applicability and constitutionality of the felon in possession statute. The court finds both arguments to be flawed. Initially, the court observes factual problems with defendant's arguments as to whether he has a qualifying prior conviction. Based on a 2003 burglary conviction, defendant has a qualifying prior conviction to bring him under the scope of the felon in possession statute. Thus, defendant has a qualifying prior conviction to be charged under § 922(g)(1). Next, this Circuit has long rejected challenges to the constitutionality of the felon in possession statute.

For a felon's rights to be restored, Kansas law requires that the parole board issue an inmate a certificate of discharge, which has the effect of restoring the individual's civil rights

after the completion of his post-release supervision period. Kan. Stat. Ann. § 22-3722. The civil rights restored are limited to the rights to vote, to serve as a juror, and to hold public office and do not include the right to possess a firearm. Kan. Stat. Ann. § 21-4615(2). A separate statute governs a felon's right to possess firearms. Under Kan. Stat. Ann. § 21-4204, certain felons may be eligible for restoration of their right to firearms after the lapse of a proscribed time period based on the nature of the offense. See United States v. Burns, 934 F.2d 1157, 1160-61 (10th Cir. 1991) (noting that receipt of a certificate of discharge restoring defendant's civil rights did not entitle defendant to possess a firearm because of the restrictions set forth in §21-4204(b)); United States v. Coffman, 761 F. Supp. 1493, 1500-01 (D. Kan. 1991) (noting that despite the restoration of the rights enumerated under § 21-4615, a separate Kansas statute governs certain felon's right to possess firearms). Thus, state law will govern the applicability of 18 U.S.C. § 922(g)(1) to a person convicted of a felony in Kansas.

Although defendant argues that his civil rights were restored on May 4, 2005, the government notes that defendant was convicted on July 1, 2003, in Sedgwick County District Court Case 03CR1052 of a level 7 non-person burglary, in violation of Kan. Stat. Ann. § 21-3715(b). Under Kan. Stat. Ann. § 21-4204(a)(3), defendant could not possess a firearm for at least five years from the date of his conviction, or July 1, 2008. Thus, even though defendant had some of his civil rights restored, he did not have the right to possess a firearm. Consequently, he could not possess either firearms or ammunition under federal law.

The Tenth Circuit has rejected the position that the Commerce Clause does not give Congress the power to criminalize possession of ammunition simply because it traveled in or affected interstate commerce. In United States v. Bolton, 68 F.3d 396, 400 (10th Cir. 1995), cert.

denied, 516 U.S. 1137, 116 S.Ct. 966, 133 L.Ed.2d 887 (1996), the Tenth Circuit expressly rejected this argument. The Tenth Circuit has also rejected applying the reasoning of United States v. Lopez, 514 U.S. 549 (1995) and United States v. Morrison, 529 U.S. 598 (2000) to §922(g)(1). The Circuit noted that the jurisdictional element for § 922(g)(1) relates to the possession of goods moved in interstate commerce rather than questions concerning the power of Congress to regulate activities substantially affecting interstate commerce as in Lopez and Morrison. United States v. Bayles, 310 F.3d 1302, 1307 (10th Cir. 2002) citing United States v. Dorris, 236 F.3d 582, 586 (10th Cir. 2000). As a result, the Lopez and Morrison line of cases simply do not apply to the case at hand.

**III. SPEEDY TRIAL**

Under the Speedy Trial Act, the government must bring a defendant to trial within seventy days of the filing date of the indictment or from the date on which the defendant appears before a judicial officer of the court, whichever date is later. 18 U.S.C. § 3161(c)(1). There are a number of exclusions that toll the seventy-day period. For example, the court does not count the time a motion is pending, beginning on the date of filing until the date of disposition. 18 U.S.C. § 3161(h)(1)(F). If the government timely files an indictment after the first appearance, the time between the dismissal of the first indictment and the filing of the second indictment is also excluded. See 18 U.S.C. § 3161(b); 18 U.S.C. § 3161(h)(1)(F).

This district has clarified the Implementation of Speedy Trial Act through this district's rules. The local rule provides:

> If the original indictment or information was dismissed on motion of the United States Attorney before the filing of the subsequent charge, the trial shall commence within the time limit for commencement of trial on the original indictment or information, but the

period during which the defendant was not under charges shall be excluded from the computations. Such period is the period between the dismissal of the original indictment or information and the date the time would have commenced to run on the subsequent charge had there been no previous charge. (Section 3151(h)(6)).

D. Kan. Rule CR50.1(d)(4)(C). If a defendant is not brought to trial within the applicable time limit, the court shall dismiss the indictment on defendant's motion. 18 U.S.C. § 3162(a)(2). The district court retains the discretion only to determine whether to dismiss the case with or without prejudice. 18 U.S.C. § 3162(a)(2). In making this determination, the district court considers, among others, each of the following factors: 1) the seriousness of the offense; 2) the facts and circumstances of the case which led to the dismissal; and 3) the impact of a reprosecution on the administration of this chapter and on the administration of justice. 18 U.S.C. § 3162(a)(2). The district court must consider each of the factors and its reasoning must be clearly articulated. See United States v. Taylor, 487 U.S. 326, 336, 108 S.Ct. 2413 (1988). In short, the court must make actual findings as to which delays exceed seventy days and then determine whether to dismiss with or without prejudice.

The parties have presented two ways to calculate the non-excludable period. The government calculates the non-excludable periods as January 12, 2006 until March 9, 2006, which totals 57 days, and April 26, 2006 until May 15, 2006, which totals 20 days. This creates a total of 77 days, which violates the Speedy Trial Act. Defendant calculates the applicable time period slightly differently. Defendant begins the nonexcludable period from January 6, 2006 rather than January 12 and with various exclusions arrived at eighty days as the non-excludable period.

Based on the parties' arguments and the applicable rules, the court finds a violation of the

Speedy Trial Act. Although the parties' calculations varied slightly, both calculations are over the seventy-day period. The two relevant non-excludable periods are from January 6, 2006[1] to March 9, 2006 and then April 26, 2006 until May 14, 2006. The first non-excludable time period begins the date of defendant's first appearance before the magistrate judge until defendant's filing of his first motion to dismiss. The second period marks the time after the court's grant of defendant's withdrawal of his motion to dismiss until prior to the filing of the present motions to dismiss. Using these dates, the court finds that the non-excludable period was eighty-two days, twelve days longer than the applicable time limit. Even if the court were to use the arraignment date of January 12, seventy-seven days passed since defendant's appearance. As a result, the court finds a violation of the Speedy Trial Act.

The next issue is whether this case should be dismissed with or without prejudice. The government argues that this is a serious case; that the delay was based on an unnoticed error; and that defendant took steps to run the speedy trial limitation. The defendant argues that this case is not serious since it only relates to a speed loader and ammunition; that this case will now be dismissed twice, which is unfair to defendant; and that justice requires dismissal with prejudice.

Despite defendant's arguments to the contrary, the court notes that a felon's possession of a speed loader and ammunition is a serious offense. Although the actual gun was not alleged to be with defendant, the gun charge is one that is not taken lightly and carries with it serious repercussions. The circumstances relating to the government's delay does not appear to be nefarious or calculated to avoid a fair trial. Rather, the government realized an error in the

---

[1] On January 6, 2006, plaintiff made his first appearance before the magistrate judge and was subsequently detained. The government used January 12, 2006, since this was the date following defendant's arraignment. Using either date, the seventy-day period has run.

indictment on the eve of trial and made prompt efforts to notify opposing counsel, who was already aware of the date discrepancy. Since the parties did not agree to stipulate to the change or take other steps to remedy the mistake in the course of the trial, the government chose to dismiss the action. Based on the docket sheet, defendant repeatedly filed motions, which stopped the running of the speedy trial clock. At the advice of counsel, defendant withdrew these motions, which began the running of the speedy trial clock again. It appears defendant's counsel was aware of the procedural advantage of withdrawing the motions.

Because of this district's rules, it is not clear whether the government may bring an action against defendant, even if the court grants dismissal without prejudice. United States v. Jones, 162 F.3d 1174 (Table), 1998 WL 777068, at *2 (10th Cir. Oct. 27, 1998) (noting that "[e]ven a dismissal without prejudice may effectively prevent the Government from reprosecuting if an applicable statute of limitations has run"). However, there are several factors encouraging the court to dismiss without prejudice. First, a felon's possession of ammunition and a speed loader is a serious offense that subjects an offender to jail time, particularly if there have been past offenses. Second, there is no evidence that the government's delay was the result of prosecutorial bad faith but rather an inadvertent error. Besides the delay in trial, defendant has not been prejudiced. Furthermore, the delay was not excessive. Finally, the court does not perceive dismissal with prejudice necessary to ensure future compliance with the Speedy Trial Act. If delay in and of itself were enough to create prejudice, then this court would not be required to review whether to dismiss with or without prejudice. Defendant appears to be well counseled in the procedures of this court. Thus, the court does not find the administration of

justice requires barring subsequent action, if federal and local rules permit the government to do so.

IT IS ACCORDINGLY ORDERED this 31st day of May 2006, that the court denies defendant's Motions to Dismiss based on the felon in possession statute (Dkt. Nos. 18 and 20).

IT IS FURTHER ORDERED that the court grants defendant's Motion to Dismiss (Dkt. No. 19), the dismissal to be without prejudice.

                                                                    s/ J. Thomas Marten
                                                                    J. THOMAS MARTEN, JUDGE